**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Lamont Cutner, | Case No. 6:24-cv-01584-RMG |
| Plaintiff, | |
| v. | |
| Lieutenant Nike Dasant, Esther Labrador | **ORDER** |
| Defendant. | |

Plaintiff, a state prisoner proceeding *pro se*, initiated this case bringing claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The Magistrate Judge issued a Report and Recommendation ("R & R"), recommending the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (Dkt. No. 17). The Magistrate Judge recommends dismissing the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to state a claim. Plaintiff did not file objections. The matter is now ripe for the Court's review.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face

1

of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court agrees with the Magistrate Judge's recommendation that this action be dismissed pursuant to Rule 41(b) of Federal Rules of Civil Procedure. Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit provides a four-prong test for Rule 41(b) dismissal that requires courts to consider: (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). The Magistrate Judge applied this test in the R & R and Court agrees with the Magistrate Judge's analysis. Plaintiff has failed to bring his case into proper form despite multiple opportunities and has failed to comply with multiple court orders which instructed Plaintiff to provide specific documentation to the court to bring his case into proper form. Additionally, each order warned Plaintiff of the consequences of failing to comply, including the dismissal pursuant to Rule 41. Despite these warnings, Plaintiff did not prove the court with the required documentation. Based on these facts in the record, the Court agrees that Plaintiff personal responsibility is manifest and that a less drastic sanction would not be appropriate.

The Court also agrees with the Magistrate Judge that Plaintiff's case should be dismissed even if he did bring it into proper form because his complaint fails to state a claim for relief.

The Court agrees that Plaintiff's due process claims fail to state a claim for relief. Plaintiff alleges that his due process rights were violated when he was transferred to the Restricted Housing

2

Unit without the proper notice. Plaintiff asserts that his transfer violated SCDC policy. As the Magistrate Judge correctly noted, due process claims that rely only on the violation state policies will be actionable under § 1983 only if the policy violation also rises to the level of a constitutional violation. *See Riccio v. Cnty. of Fairfax, Va.,* 907 F.2d 1459, 1469 (4th Cir.1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue"); *Rivera v. Wohlrab,* 232 F.Supp.2d 117, 123 (S.D.N.Y.2002) ("[T]he law is settled that the failure to follow a . . . prison regulation does not give rise to a federal constitutional claim."); *see also Olim v. Wakinekona,* 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). The Court agrees that Plaintiff's transfer to the Restricted Housing Unit does rise to the level of a constitutional violation. Plaintiff also alleges that his due process rights have been violated because he has been denied the ability to have certain therapy sessions. The Court agrees with the Magistrate that Plaintiff's claim should be dismissed because inmates do not have a constitutional right to rehabilitation or educational programs.

The Court also agrees that Plaintiff failed to state a claim for deliberate indifference to medical needs. Plaintiff asserts denial of access to medical care because he has not been placed in a mental health program as requested and has not received enough mental health treatment. Plaintiff does not allege he was denied all mental health treatment, only the specific mental health treatment of unspecified structured time. As the Magistrate Judge correctly noted, "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides not basis for relief under § 1983." *Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015). The Court agrees that not honoring Plaintiff's request for specific treatment does

not rise to the level of deliberate indifference to medical needs. Accordingly, Plaintiff's deliberate indifference to medical claim should be dismissed.

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 17) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE**, without leave to amend, and without service of process the Complaint (Dkt. No. 1).

      _s/ Richard Mark Gergel___
      Richard Mark Gergel
      United States District Judge

June 27, 2024
Charleston, South Carolina